# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL LOUIS RATLIFF,<br><br>                             Petitioner,<br>  vs.<br><br>M. MARTEL, Warden,<br><br>                            Respondent. | CASE NO. 10-CV-1705-H (DHB)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

    On August 11, 2010, Petitioner Virgil Louis Ratliff ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On October 31, 2011, Respondent filed his answer to the petition for writ of habeas corpus. (Doc. No. 70.) On April 17, 2012, the magistrate judge issued a report and recommendation to deny the petition for writ of habeas corpus. (Doc. No. 111.) On July 5, 2012, Petitioner filed several letters in support of his petition. (Doc Nos. 128, 130.) On July 12, 2012, Petitioner filed a traverse. (Doc. No. 132.) For the following reasons, the Court denies the petition for writ of habeas corpus, adopts the magistrate judge's report and recommendation, and denies Petitioner's request for a certificate of appealability.

///

# Background

On November 19, 2007, Petitioner was charged with two counts of residential burglary and two counts of resisting arrest. (Lodgment No. 10 at 1-2.) The trial court granted Petitioner's request to represent himself at trial after inquiry and findings that he was making a voluntary, intelligent, and understanding waiver of his right to counsel. (Lodgment No. 10 at 5-6.)

The Court highlights certain facts discussed by the California Court of Appeal in its opinion:

> Police responded to at least three calls reporting a prowler at the mobile park that evening: from Jackson at 10:15 p.m., from Duran at 10:45 p.m., and one from another resident, Fran Mowers, at 12:45 a.m. An officer responding to the last call heard voices from a previously searched area and saw Ratliff running out from an area of parked recreational vehicles. The officer identified himself and shouted at Ratliff to stop, but Ratliff ignored the commands and continued to run. Eventually, the officer cornered Ratliff, who put up his fists like a boxer and took a swing at that officer. When the officers finally grabbed him and took him to the ground, Ratliff violently struggled and kicked one of the officers, ignoring commands to put his hands behind his back. Ratliff did not have any loot or property with him.
>
> Ratliff testified in his defense. According to him, that evening he was looking for his wife; he had been told by his probation officer she might be kidnapped or in his mother's trailer in El Cajon and so he knocked on doors asking people if they had seen her. He denied trying to steal anything or hurt anyone. He denied trying to hit the police or swing at the officers. He also denied entering anyone's mobile home except his mother's, which he had entered through an open window. Ratliff stated he climbed the ladder to get a better view of the trailers or the street in search of his wife, admitting he had borrowed it without asking. On cross-examination, Ratliff denied that in late September 2007, his wife had gotten restraining and eviction orders against him and had sheriffs physically remove him from their apartment. He claimed the entire incident was a "conspiracy."
>
> . . . .
>
> [W]itnesses identified Ratliff as the only person who entered the mobile homes, and he did so at a late hour without knocking, annoucing his presence or giving any reasonable explanation to the occupants. Ratliff had no acquaintance with the occupants and had no reason to be in their homes. He fled when approached by the homeowners and police.

(Lodgment No. 3, slip op. at 4 & 10, People v. Ratliff, No. D053441 (Cal. Ct. App.).)

///

The jury rejected Petitioner's defense and convicted Petitioner of residential burglary, felony resisting arrest, and misdemeanor resisting arrest. (Lodgment No. 3, slip op. at 2-4.) Following the jury's verdict, the trial court sentenced Petitioner a thirty-three-year prison term consisting of twenty-five years to life on count 1, concurrent twenty-five-years-to-life terms on counts 2 and 3, and three consecutive years for the prison prior offense, and five consecutive years for the serious felony prior offense. (Lodgment No. 3, slip op, at 2.) On November 4, 2008, Petitioner appealed his conviction to the California Court of Appeal, arguing that the evidence was insufficient to support his burglary conviction. (Lodgment No. 1.) The California Court of Appeal affirmed the judgment on July 8, 2009. (Lodgment No. 3, slip op. at 2-4.) The Court accepts the state court's factual findings as accurate. See 28 U.S.C. § 2254(e)(1). On September 23, 2009, the California Supreme Court denied a petition for review. (Lodgment No. 5.)

On August 11, 2010, Petitioner filed this federal petition for writ of habeas corpus. (Doc. No. 1) On September 21, 2010, Petitioner filed an unsuccessful habeas petition in California Superior Court. (Lodgment No. 7.) Petitioner then filed two, duplicative habeas petitions in the Court of Appeal, both of which were denied on procedural grounds. (Lodgment No. 8, 9.) On October 31, 2011, Respondent filed an answer to the federal petition. (Doc. No. 70.) On April 17, 2012, the magistrate judge filed a report and recommendation to deny the petition for writ of habeas corpus. (Doc. No. 111.) On July 12, 2012, Petitioner filed his traverse. (Doc. No. 132.)

## Discussion

### I.   Legal Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to any portion of the report, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made." Id.

A federal court may review a petition for writ of habeas corpus by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Id. § 2254(a); accord Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Habeas corpus is an "extraordinary remedy" available only to those "persons whom society has grievously wronged and for whom belated liberation is little enough compensation." Juan H. v. Allen, 408 F.3d 1262, 1270 (9th Cir. 2005) (quoting Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993)). Because Petitioner filed this petition after April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the petition. See Lindh v. Murphy, 521 U.S. 320, 327 (1997); Chein v. Shumsky, 373 F.3d 978, 983 (9th Cir. 2004) (en banc). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S. Ct. 770, 784 (2011). Indeed, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Id. Federal habeas relief is available, but only if the result of a federal claim the state court adjudicated on the merits is "contrary to," or "an unreasonable application" of United States Supreme Court precedent, or else if the adjudication is "an unreasonable determination" based the facts and evidence. 28 U.S.C. § 2254(d)(1) & (d)(2).

A federal court may grant habeas relief under the "contrary to" clause of § 2254(d)(1) if a state court either (1) "applies a rule that contradicts the governing law set forth in [the United States Supreme Court's] cases" or (2) "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." Early v. Packer, 537 U.S. 3, 8 (2002); see also Williams, 529 U.S. at 405-06 (distinguishing the "contrary to" and the "unreasonable application" standards). "[R]eview under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court

1  that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

2  A federal court may grant habeas relief under the "unreasonable application" clause of
3  § 2254(d)(1) if the state court "identifies the correct governing legal rule from [the Supreme]
4  Court's cases but unreasonably applies it to the facts of the particular state prisoner's case."
5  Williams, 529 U.S. at 407. A federal court may also grant habeas relief "if the state court
6  either unreasonably extends a legal principle from [Supreme Court] precedent to a new context
7  where it should not apply or unreasonably refuses to extend that principle to a new context
8  where it should apply." Id. The state court's "unreasonable application" of binding precedent
9  must be objectively unreasonable to the extent that the state court decision is more than merely
10 incorrect or erroneous. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003) (citation omitted); see
11 Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003).

12 Additionally, even if a state court decision is contrary to United States Supreme Court
13 precedent or rests on an unreasonable determination of facts in light of the evidence, the
14 petitioner must show that such error caused substantial or injurious prejudice. Penry v.
15 Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht, 507 U.S. at 637-38); see Fry v. Pliler, 551
16 U.S. 112, 121-22 (2007); Bains v. Cambra, 204 F.3d 964, 977 (9th Cir. 2000). AEDPA creates
17 a highly deferential standard towards state court rulings. Woodford v. Viscotti, 537 U.S. 19,
18 24 (2002); see Womack v. Del Papa, 497 F.3d 998, 1001 (9th Cir. 2007).

19 **III.    Petition's Merits**

20 "[I]n the habeas context, a procedural default . . . is not a jurisdictional matter," and the
21 Court may choose to reach the merits of a petitioner's defaulted claims. Trest v. Cain, 522
22 U.S. 87, 89 (1997); see also Coleman, 501 U.S. at 730 (describing the doctrine of procedural
23 default as a judge-made rule grounded in "concerns of comity and federalism" rather than a
24 jurisdictional rule like 28 U.S.C. § 1257).

25 ///
26 ///
27
28

**A.     Marsden Motion**

Petitioner alleges that the trial court violated due process by not holding a hearing to appoint new counsel under People v. Marsden, 2 Cal. 3d 118 (1970). (Doc. No. 1 at 6.) "When a defendant seeks substitution of appointed counsel pursuant to People v. Marsden, the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of inadequate performance." People v. Streeter, 54 Cal. 4th 205, 230 (2012) (internal citations omitted). Furthermore, "[a] defendant is entitled to relief if the record clearly shows that the appointed counsel is not providing adequate representation or that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result." Id. at 508.

Prior to trial, Petitioner requested a Marsden hearing in connection with his preliminary hearing. (Doc. No. 70.) Upon the request of his counsel, the court continued Petitioner's Marsden hearing to December 11, 2007. (Lodgment No. 10 at 5-6, 193 & 11, Volume 3, at 4-6.) On December 11, 2007, Petitioner chose to represent himself. (Lodgment No. 10 at 5-6, 193.) Petitioner does not contend his decision to represent himself was involuntary in any way; the trial court counseled him on the record about the risks of exercising that right. (Doc. No. 1.)

Petitioner claims that the denial of his Marsden hearing entitles him to habeas corpus relief. (Doc. No. 1.) The Court disagrees. Petitioner identifies no factual support in the record for an alleged conflict that could have resulted in the constructive denial of counsel at the preliminary hearing. (Doc. No. 1; see also Coleman v. Alabama, 399 U.S. 1, 11 (1970) (applying the harmless error rule to the denial of counsel at a preliminary hearing).) Petitioner also does not provide facts supporting a breakdown in the attorney-client relationship that would have justified substitution of counsel. (Doc. No. 1.) Further, he does not contend that the denial of his Marsden motion prejudiced him at trial. (Doc. No. 1.) No federal constitutional violation or concern arises from these circumstances. Because Petitioner fails

1 to demonstrate both deficient performance and prejudice from counsel's actions at the
2 preliminary hearing, his claim is insufficient to support relief under 28 U.S.C. § 2254.

3     **B.**    **Alleged Ineffective Assistance of Counsel**

4 Petitioner also alleges ineffective assistance of counsel. (Doc. No. 1-1 at 12, 22-23.)
5 In criminal prosecutions, the Sixth Amendment of the United States Constitution, as applied
6 to the states through the Fourteenth Amendment, guarantees assistance of counsel to the
7 accused. See Strickland v. Washington, 466 U.S. 668, 685 (1984). To establish that counsel's
8 performance was ineffective, a petitioner must show that (1) his "counsel's representation fell
9 below an objective standard of reasonableness" and (2) that "such failure prejudiced him in
10 that there is a reasonable probability that, but for counsel's unprofessional errors, the result of
11 the proceeding would have been different." Strickland, 466 U.S. at 688. When considering
12 a claim of ineffective assistance of counsel, a reviewing court must be highly deferential to
13 counsel's performance. Id. "Counsel's competence, however, is presumed and the defendant
14 must rebut this presumption by proving that his attorney's representation was unreasonable
15 under prevailing professional norms and that the challenged action was not sound strategy."
16 Kimmelman v. Morrison, 477 U.S. 365, 384 (1986).

17 Even if a constitutional error occurs during a preliminary hearing, relief is warranted
18 only if the petitioner shows "that he was subsequently deprived of a fair trial or was otherwise
19 prejudiced by reason of the error." People v. Stewart, 33 Cal. 4th 425, 462 (2004). It is
20 "well-settled" that "there is no fundamental right to a preliminary hearing." Howard v. Cupp,
21 747 F.2d 510, 510 (9th Cir. 1984) (citation omitted). Even if a statutory right to a public
22 preliminary hearing has been violated, "and the resulting commitment had been 'rendered
23 unlawful within the meaning of Cal. Penal Code section 995,'" a defendant must still show a
24 fair trial deprivation or other substantial prejudice. Stewart, 33 Cal. 4th at 462 (quoting People
25 v. Pompa-Ortiz, 27 Cal. 3d 519, 522 (1980)).

26 When reviewing the state court's adjudication of a petitioner's § 2254 ineffective
27 assistance of counsel claim, "[t]he pivotal question is whether the state court's application of
28 the Strickland was unreasonable." Harrington, 131 S. Ct. at 785. The state court's application

1  of Strickland was not unreasonable if "there is any reasonable argument that counsel satisfied
2  Strickland's deferential standard." Id. at 788.

3        Petitioner has not identified any deficient performance of his counsel at the preliminary
4  hearing. (Doc. No. 1.) Rather, the transcript of Petitioner's preliminary hearing shows that
5  his counsel cross examined the prosecution witnesses and argued that the evidence failed to
6  demonstrate Petitioner's guilt. (Lodgment No. 12 at 46-47.) Thereafter, Petitioner elected to
7  represent himself at trial even after the trial court advised him of the risks of self-
8  representation. Petitioner's dissatisfaction with the outcome of his preliminary hearing or his
9  self-representation at trial is not deficient performance. See Strickland, 466 U.S. at 688.
10 Additionally, Petitioner fails to allege any resulting prejudice. Id. Therefore, Petitioner has
11 failed to present a cognizable claim for ineffective assistance of counsel. Further, Petitioner
12 has failed to demonstrate the state court's application of Strickland was unreasonable. See
13 Harrington, 131 S. Ct. at 785. Accordingly, the Court concludes that Petitioner's ineffective
14 assistance claim fails.

15       **C.     Alleged Extrajudicial Bias or Conflict**

16       Both the United States and California Constitutions afford criminal defendants a due
17 process right to an impartial judge. People v. Cowan, 50 Cal. 4th 401, 455 (2010). But a
18 criminal defendant must "make the heightened showing of a probability, rather than the mere
19 appearance, of actual bias to prevail." People v. Freeman, 47 Cal. 4th 993, 1006 (2010).

20       Petitioner's conclusory reference to "Bias By The Trial Judge" is not supported by the
21 record. (Doc. No. 1 at 6.) Petitioner has not alleged and the record does not reflect any
22 conduct that could support an inference of judicial bias. (Lodgment No. 10.) The petition is
23 devoid of any references to the record that may be viewed as supporting his conclusory claim,
24 nor has Petitioner established any inference of judicial bias or conflicting relationship, or any
25 resulting harm. (Doc. No. 1; see Freeman, 47 Cal. 4th at 1006.) Accordingly, the Court
26 concludes that Petitioner's extrajudicial bias or conflict claim fails on the merits.
27 ///
28 ///

### D.  Alleged Court Errors and Mitigating Mental State

Petitioner alleges that the trial court committed several errors, including failure to suppress eyewitness identification, failure to conduct a live lineup, and failure to bar testimony of an unreliable witness at trial. (Doc. No. 1 at 7.) Moreover, Petitioner asserts that the trial court denied him the opportunity to effectively cross examine witnesses and admitted into evidence prejudicial hearsay. (Doc. No. 1-1 at 12.) Federal habeas courts may not reexamine state court decisions on state law issues. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Moreover, only violations of the U.S. Constitution or federal law are cognizable on federal habeas review. 28 U.S.C. § 2254(a); accord Williams, 529 U.S. at 375 (2000).

Here, Petitioner alleges various state law errors that do not arise under the Constitution and are not within the scope of federal habeas review. See Estelle, 502 U.S. at 67-68. Even assuming that Petitioner is asserting a Confrontation Clause claim, Petitioner does not articulate any specific statements that he believes violate the prohibition against testimonial hearsay. Crawford v. Washington, 541 U.S. 36, 53-54 (2004). Accordingly, the Court concludes that Petitioner's claim of various trial court errors do not present any constitutional or federal issues.

### E.  Petitioner's Right to a Speedy Trial

Petitioner alleges that Respondent violated his right to a speedy trial. (Doc. No. procedural 1-1 at 10, 11.) The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. amend. VI. However, there is no fixed time period required to satisfy the Sixth Amendment, and the United States Supreme Court does "not establish rules for the States, except when mandated by the Constitution." Barker v. Wingo, 407 U.S. 514, 530, 523 (1972). In determining whether a defendant's constitutional right to a speedy trial was violated, the following four factors are considered: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. Barker, 407 U.S. at 530.

Respondent notes that the charging information was filed on November 16, 2007, three days after Petitioner's November 13, 2007 preliminary hearing. (Lodgment No. 10, CT 1-4;

Lodgment No. 12.) Petitioner's trial began on January 14, 2008. (Lodgment No. 10, CT 202.) Based on the record, the Court concludes there was no improper delay between his arrest and the information being filed and no unlawful delay between the information and his arraignment and trial. Moreover, the timing satisfies Petitioner's entitlement under California Penal Code section 1382. (Lodgment No. 70-1, 24:12-21.) Petitioner identifies no inordinate delay, no prejudice from the timing between charging and trial, and he raises no federal constitutional concern on this issue. Accordingly, the Court concludes that Petitioner's speedy trial claim fails on the merits.

### F.     Motion to Strike Prior Strike Convictions

Petitioner alleges that the trial court failed to rule on his motion to strike his prior strike convictions. (Doc. No. 1 at 8.) Contrary to Petitioner's allegation, the record reflects that the trial court did not ignore his request to strike prior convictions but rather rejected the motion to strike. (Lodgment No. 11, RT Vol. 8 at 554-55.) Moreover, the trial court's decision not to strike a prior conviction entailed a limited exercise of the court's discretion permitted under California's law and does not implicate any federal constitutional right or, consequently, any federal question cognizable on habeas review. See Ewing v. California, 538 U.S. 11, 28-29 (2003); People v. Superior Court (Romero), 13 Cal. 4th 497, 528-31 (1996); see also Williams v. Borg, 139 F.3d 737, 740 (9th Cir. 1998) (stating that federal courts "review only for constitutional violation, not for abuse of discretion"). Federal habeas courts may not reexamine state court decisions on state law issues. Estelle, 502 U.S. at 67-68. Therefore, the trial court's ruling on the motion to strike prior convictions is not within the scope of federal habeas review.

### G.     Double Jeopardy and Due Process

The Fifth Amendment states that no person shall "be subject for the same offense to be twice put in jeopardy of life and limb." The United States Supreme Court held that the Fifth Amendment's Double Jeopardy Clause is applicable to the states through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 794 (1969). The Fifth and Fourteenth Amendments state that no person can be "deprived of life, liberty, or property, without due

process of law." Petitioner alleges in a conclusory manner "protection against Double Jeopardy" and "due process" in his grounds for relief. (Doc. No. 1 at 8.) Nevertheless, the Court concludes that Petitioner has failed to provide sufficient facts supporting his claims for double jeopardy or due process violations. (See Doc. No. 1.) Accordingly, the Court denies Petitioner's claims for violation of the Double Jeopardy and Due Process Clauses.

### H.   Excessive Sentencing Claim

The Eighth Amendment protects against the infliction of cruel and unusual punishment. See Robinson v. California, 370 U.S. 660 (1962) (applying the Eighth Amendment to the states). Petitioner alleges in a conclusory fashion that the trial court used a single "conspiracy" to "impose sentence for multiple conspiracies" and that his sentencing was excessive. (Doc. No. 1 at 8.) To the extent that Petitioner is challenging the constitutionality of California law, the Court notes that the United States Supreme Court has considered and rejected constitutional challenges to California's strikes statute. See Ewing, 538 U.S. at 28-29 (rejecting Eighth Amendment challenge to California three strikes statute); Lockyer, 538 U.S. at 75-76 (stating that state decision upholding sentence as not grossly disproportionate was not contrary to nor an unreasonable application of established Supreme Court precedent as to warrant federal habeas relief). Further, Petitioner has failed to state sufficient facts explaining why his sentence could be deemed excessive under the Eighth Amendment or otherwise. (Doc. No. 1.) Accordingly, the Court denies Petitioner's claim for excessive sentencing.

### I.   Alleged Evidentiary Sufficiency, Innocence, and Instructional Error

Petitioner argues that the jury instructions "impaired Jury's [sic] assessment of witness credibility." (Doc. No. 1 at 7.) However, the Supreme Court has held that "instructional errors of state law generally may not form the basis for federal habeas relief." Gilmore v. Taylor, 508 U.S. 333, 344 (1993). Petitioner specifies no deficiency in the jury instructions. Accordingly, even if Petitioner's claim of instructional error were not procedurally barred, the Court concludes his claim would still fail on the merits.

Petitioner also argues insufficient evidence supports his burglary convictions because nothing was stolen and that he did not have an intent to steal. (Doc. No. 1 at 9.) With respect

to Petitioner's claims of insufficient evidence and actual innocence, the court of appeal affirmed Petitioner's judgment in a reasoned decision, citing People v. Kraft, 23 Cal. 4th 978 (2000), applying the review standard from People v. Johnson, 26 Cal. 3d 557 (1980), to his insufficient evidence claim. As summarized by the Court of Appeal:

> Ratliff contends the evidence is insufficient to support his burglary convictions because it does not support a reasonable inference that he entered any of the premises with the intent to steal. Pointing out that no items of personal property were disturbed or missing from either residence and he did not possess any burglary tools or stolen property at the time of his arrest, Ratliff maintains the prosecution's case was based on speculation and conjecture; that the case rested solely on the "absence of a logical or rational explanation for [his] entry into the mobile homes," which is insufficient evidence of intent to steal. He argues evidence of his behavior that evening—the fact he spoke with Duron, turned on the light in Jackson's bathroom, and loudly moved a metal ladder to Cruse's trailer—shows instead that he was confused or disoriented, suggesting he mistakenly entered the mobile homes.

(Lodgment No. 3, slip op. at 5.)

The Johnson standard applied by the California courts to sufficiency of the evidence challenges is the same as the federal standard. Johnson, 26 Cal. 3d at 576-78 (citing Jackson, 443 U.S. 307 (1979)). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. That standard applies to federal habeas claims asserting insufficient evidence to support a state conviction. Juan H., 408 F.3d at 1274. "In addressing a challenge to the sufficiency of the evidence supporting a conviction, the reviewing court must examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence . . . that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." Kraft, 23 Cal. 4th at 1053 (citing Johnson, 26 Cal. 3d at 578). A reviewing court "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Wright v. West, 505 U.S. 277, 296-97 (1992) (citing Jackson, 443 U.S. at 326). The court does not re-weigh the evidence, nor may the court "make its own

subjective determination of guilt or innocence." Jackson, 443 U.S. at 320. Credibility determinations are exclusively the province of the trier of fact. Id. at 319, 326.

Here, the court of appeal emphasized: "We will not reverse unless it clearly appears that on no hypothesis whatever is there sufficient substantial evidence to support the jury's verdict." (Lodgment No. 3 at 6.) State law establishes the required elements of criminal offenses. Estelle, 502 U.S. at 67-68. The crime of burglary under California law does not require that anything be actually stolen, but only that the defendant have the intent to steal at the time of entry. (Lodgment No. 3, slip op. at 6-7; People v. Allen, 21 Cal. 4th 846, 863 n.18 (1999).) That court observed an "intent to steal may be inferred from an unlawful entry without reasonable explanation of the entry . . . or from flight after being discovered . . . ." (Lodgment No. 3, slip op. at 7.) The intent to steal "may be inferred from all the facts and circumstances." Frye, 166 Cal. App. 3d 941, 947 (Ct. App. 1985). "Such intent may also be inferred where the defendant is a stranger and enters a home at a late hour, without permission, and without announcing his intent." (Lodgment No. 3, slip op. at 7.)

The court of appeal summarized the evidence, applied the appropriate legal standards, and then determined "the prosecution's evidence of Ratliff's intent is not sheer speculation" and "a reviewing court's opinion that the circumstances might also reasonably be reconciled with a contrary finding does not warrant reversal of the judgement." (Lodgment No. 3, slip op. at 8, 10.) "The jury in this case disbelieved Ratliff's story, and our role on appeal is simply to determine whether its findings in support of the burglary convictions are supported by sufficient evidence." (Lodgment No. 3, slip op. at 8.) "The record here contains substantial circumstantial evidence supporting the jury's findings on the question of Ratliff's felonious intent." (Lodgment No. 3, slip op. at 8-9 (finding Petitioner's cited authority distinguishable).) The state court record supports Respondent's argument, quoting Juan H., 408 F.3d at 1274-75, that given the "sharply limited nature of constitutional sufficiency review" and applying the "additional layer of deference" required by AEDPA, the state courts reached an objectively reasonable result in rejecting Petitioner's sufficiency of the evidence challenge on the intent element of the burglary offense. (Doc. No. 70-1, 20:1-10.)

1  Accordingly, the Court concludes that the state courts reached an objectively reasonable result,
2  and therefore, the Court denies Petitioner's insufficient evidence and actual innocence claims.

### IV.     Procedural Default

"As a rule, a state prisoner's habeas claims may not be entertained by a federal court 'when (1) a state court [has] declined to address [those] claims because the prisoner had failed to meet a procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.'" Maples v. Thomas, 132 S. Ct. 912, 922 (2012) (quoting Walker, 131 S. Ct. at 1127). When a state prisoner has not presented a federal constitutional claim to the state's highest court and can no longer do so due to state law bar, the claim is procedurally defaulted. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).

When procedural default is properly pleaded as an affirmative defense in federal habeas proceedings the burden shifts to the petitioner to prove "by asserting specific factual allegations . . . the inadequacy of the state procedure." Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003). If the state rule is adequate and independent, the petitioner's claim is procedurally defaulted, and federal habeas review is foreclosed. Walker, 131 S. Ct. at 1127 (internal citation omitted). Then, petitioner is only entitled to relief if he demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law. Coleman v. Thompson, 501 U.S. 722, 732 (1991).

California bars collateral review of issues not raised on appeal. In re Robbins, 18 Cal. 4th 770, 814 n.34 (1998); In re Clark, 5 Cal. 4th 750, 765-66 (1993) (en banc); see also Park v. California, 202 F.3d 1146, 1151 (9th Cir. 2000) ("In California, a convicted defendant desiring to bring claims in a state habeas petition must, if possible, have pursued the claims on direct appeal from his conviction."). The California Supreme Court has asserted the independence of these rules on a number of occasions. In re Robbins, 18 Cal. 4th at 814 n.34; In re Clark, 5 Cal. 4th at 765-66. The Ninth Circuit has developed a burden-shifting framework that requires a petitioner to challenge the adequacy of a state procedural rule once the respondent properly pleads that rule as an affirmative defense. See Bennett, 322 F.3d at 586. However, here Petitioner has not challenged the adequacy of California's procedural bar

of claims not raised on appeal. Accordingly, the Court concludes that Petitioner has not met his burden of challenging the adequacy of California's rule.

Petitioner alleges a due process violation resulting from the trial court's purported failure to hold a <u>Marsden</u> hearing, see <u>People v. Marsden</u>, 2 Cal. 3d 118 (1970), judicial bias, violation of the right to a speedy trial, due process violations arising from purported trial court errors, and a violation the Double Jeopardy Clause. (Doc. No. 1 at 6-8.) Petitioner never alleged any of these violations in his direct appeal. (Lodgment Nos. 3, 5.) After Petitioner first raised these arguments in his state habeas petition, the state courts denied Petitioner relief on the basis that his petition was procedurally barred under <u>In re Clark</u>. (Lodgment No. 8-1.) Accordingly, the Court concludes that Petitioner's claims of due process and speedy trial violations, trial court error, and a violation of the Double Jeopardy Clause are procedurally barred.

## **Conclusion**

Accordingly, the Court denies the petition with prejudice, and the Court denies Petitioner's request for a certificate of appealability.

**IT IS SO ORDERED.**

Dated: August 8, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT